IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMARA SHEPHERD,
*o/b/o* J.T.L.J.                                                                                    PLAINTIFF

vs.                                        Civil No. 2:25-cv-02048

FRANK BISIGNANO,                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Amara Shepherd ("Plaintiff") brings this action on behalf of J.T.L.J., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying J.T.L.J.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff's mother filed a childhood disability application on behalf of J.T.L.J. on June 21, 2021, alleging a disability beginning February 15, 2015. (Tr. 17).[1] The Social Security Administration denied Plaintiff's applications initially and on reconsideration. *Id.*

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself, not the ECF page number.

Plaintiff requested an administrative hearing on the denied application, and this request was granted. (Tr. 120-164). The ALJ held a hearing on February 1, 2024. (Tr. 28-48). Following the hearing, the ALJ issued an unfavorable decision on April 3, 2024. (Tr. 17-23).

In this decision, the ALJ determined J.T.L.J. had not engaged in Substantial Gainful Activity ("SGA") since the application date of June 21, 2021. (Tr. 18, Finding 1). The ALJ found J.T.L.J. had the medical determinable impairments of borderline intellectual functioning, attention-deficit/hyperactivity disorder, and asthma. (Tr. 18, Finding 2). However, the ALJ further found J.T.L.J.'s impairments caused no more than minimal functional limitations. (Tr. 18, Finding 3).

In assessing whether J.T.L.J.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 18-23, Finding 3). Specifically, the ALJ determined J.T.L.J. had the following limitations in the six domains of functioning: (1) no limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in ability to care for himself; and (6) less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined J.T.L.J. had not been under a disability, as defined by the Act, since June 21, 2021. (Tr. 23, Finding 4).

Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied on March 6, 2025. (Tr. 1-6). As a result, Plaintiff brought this action under 42 U.S.C. § 405(g), appealing the Commissioner's final decision.

**2.     <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).   Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir.  2000).

The regulations prescribe a three-step process for making the disability determination in child cases. First, the ALJ must determine whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. *See* 20 C.F.R. § 416.924(d). A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating to others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being.  *See*

20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See* 20 C.F.R. § 416.926a(e). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *Id.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain, or complete activities. *Id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *Id.*

**3.     Discussion:**

In Plaintiff's appeal brief, she argues (1) the ALJ failed to give deference to medical and education records and (2) the ALJ failed to properly evaluate J.T.L.J.'s subjective complaints. ECF No. 11.

As noted above, the ALJ evaluated six domains of functioning to determine functional equivalence: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. (Tr. 18-23). The ALJ properly determined J.T.L.J. had no limitation and at most less-than-marked limitations in the six functional domains, and he did not equal or meet a listing. In determining J.T.L.J.'s limitations in the six domains, the ALJ discussed the child's medical records, teachers' assessments, and reports from his mother. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's findings in this case.

The medical record fails to establish functional equivalence to a Listing. The ALJ discussed and relied on medical and non-medical evidence to support his conclusion that J.T.L.J's

impairments were not severe. (Tr. 19-23). The ALJ relied on the evaluations and opinions of a consultative psychologist and the findings of two State agency medical consultants. *Id.* These opinions support the ALJ's findings.

The ALJ also properly considered J.T.L.J.'s school records. (Tr. 21-23). The ALJ discussed these school records and teacher questionnaires and noted teachers did provide different responses in their questionnaires. *Id.* However, despite conflicting evidence concerning J.T.L.J.'s abilities, the ALJ properly evaluated and differentiated those conflicts. *Id.*

Plaintiff also argues the ALJ failed to give proper weight and deference to J.T.L.J.'s subjective complaints. In a child disability case, the Social Security Regulations state the ALJ is required to analyze subjective complaints in accordance with the seven factors from 20 C.F.R. § 416 .929(c) (providing the requirements for "[e]valuating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity for work or, *if you are a child, your functioning."*) (emphasis added). Specifically, the ALJ must consider these factors, which provide as follows, in order to determine the child's functional limitations: (1) the child's daily activities; (2) the location, duration, frequency, and intensity of the child's pain or other symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of the child's medication; (5) treatment, other than medication, that the child receives or has received for relief of pain or other symptoms; (6) any measures the child uses or has used to relieve his or her pain or other symptoms; and (7) other factors concerning the child's functional limitations or restrictions due to pain or other symptoms. *See* 20 C.F.R. § 416.929(c)(3); *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984) (requiring analysis of five of those factors). The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines those factors prior to discounting the subjective complaints

regarding the child's functional limitations. *See Lowe v. Apfel,* 226 F.3d 969, 971–72 (8th Cir. 2000).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of J.T.L.J.'s subjective allegations. (Tr. 18-23). Indeed, the ALJ's opinion outlined the subjective allegations and noted inconsistencies between those allegations and the record. *Id.* The ALJ noted J.T.L.J.'s daily activities and set forth reasons for finding them not as limiting as described by Plaintiff. *Id.* The ALJ discussed the lack of special education classes, improved academics, and that grades had not been repeated. *Id.* Furthermore, the ALJ carefully summarized medical records and noted how the treatment and medication appeared to be effective. *Id.* The ALJ also noted how the conservative treatment was inconsistent with allegations of disability. *Id.*

After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's findings in this case. For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.

**4.    Conclusion:**

Based on the foregoing, the undersigned concludes that the decision of the ALJ, denying benefits to J.T.L.J. is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **30th** day of **January, 2026**.

/s/*Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE